Day, J.
The Baltimore and Ohio Railroad Company, a foreign corporation,, having been sued in the state court by a citizen of the state, sought to remove the case to the United States Court, under the twelfth section of the federal judiciary act of 1789, which provides that if a suit be commenced in a state court by a citizen of the state against a citizen of another state, when the matter in dispute ex ceeds five hundred dollars, and the defendant at the time of entering his appearance shall file a petition for the removal of the cause for trial into the next Circuit' Court of the United States, and shall offer good and sufficient security for his proceeding therein, it shall be the duty of the *212 state court to accept such security, and proceed no further in the case.”
It is ordained by the constitution of the United States' that the judicial power of the United States shall extend to-controversies “ between citizens of different states;” that the laws of the United States, made in pursuance of the constitution, “shall be the supreme law of the land, and that the judges in every state shall be bound thereby, anything in the constitution or laws of any state to the contrary notwithstanding.”
It is not disputed but that the requisitions of the statute were fully complied with to authorize the removal of the case, if the company was in law entitled to have the case transferred. But the right of the company to have the case removed to the federal court is disputed on two-grounds: 1. That the company is a citizen of Ohio ; 2. If not such citizen, it has waived the right of removal.
1. The railroad company is a corporation, and is sued by its corporate name. A corporation is an ideal existence, created by legislative enactment, and, in general, it is incapable of being a citizen; but, being endowed by law with the capacity of suing and of being sued, it may become a party to suits in court; and, inasmuch as the jurisdiction of the federal courts is made, in some cases, to depend upon the citizenship of the parties litigant, a corporation, in respect to such jurisdiction, is regarded as a citizen of the state which creates it, and this presumption is now held by the Supreme Court of the United States to be conclusive. Railroad Co. v. Wheeler, 1 Black. 286; Railroad Co. v. Harris, 12 Wall. 65; Railway v. Whitton, 18 Wall. 270.
The Baltimore and Ohio Railroad Company was incorporated by the State of Maryland, and, therefore, so far as relates to the jurisdiction of the federal courts, is a citizen of that state, and, being sued here by a citizen of this state, is entitled to have the case transferred to the federal court, unless, as it is claimed, under the facts of the case, the company may also be regarded as a citizen of Ohio.
If it be assumed that a corporation, within the meaning *213 ■of the federal judiciaryjact, may be a citizen of more, than one state, do the facts developed by the record in this case warrant a conclusion that the company is such citizen of this state ?
It is not pretended that its existence as a corporation depends, in any manner, upon the legislation of this state; but the claim for regarding the company as a citizen of Ohio is based wholly upon the fact that the company has leased and operates a railroad in this state, owned by another railroad company, which is a corporation created by the State of Ohio, whose corporate existence and powers are in no wise affected by the lease. It is, then, nothing more than the case of a foreign corporation leasing, possessing, and operating, in this state, the property of a domestic corporation, which does not necessarily constitute the lessee, though a corporation, a citizen of Ohio, for judi-. cial purposes, any more than the same transaction with an individual, being and remaining a citizen of another state, would have that effect.
A corporation is never regarded as a citizen of a state, other than that to which it, at least in some measure, owes its being. If, therefore, the corporate existence of this •company in no sense depends upon the laws of Ohio, it -can not be regarded as a citizen of the state.
It was held by the Supreme Court of this state in The State v. Sherman, 22 Ohio S.t. 411, that a corporation of another state, though by purchase lawfully vested with the property and all the franchises of a corporation created by this state, without a new organization as a corporation of Ohio, does not become an Ohio corporation ; much less would a foreign corporation be constituted an Ohio corporation by becoming the mere lessee of the property of a •domestic corporation. The Baltimore and Ohio Railroad Company can not, therefore, be held to be an Ohio corporation, nor, on that ground, a citizen of this state.
Moreover, it has long been the policy of this state, as manifested by both its judicial and legislative departments, to recognize and protect foreign corporations, in owning *214 property and doing business in this state, under corporate-powers derived from their respective states. In The State v. Sherman, before referred to, it was held that “under the present laws of Ohio, foreign railroad corporations, whose roads lie partly in this state, are accorded the right to own, operate, and maintain their roads in Ohio, in the same manner as domestic railroad companies.”
That foreign corporations, allowed to own property and do business in Ohio,are not considered as citizens of the-state is evinced by legislative enactments, in some instances requiring them, as a condition precedent to their right to do business in the- state, to waive their right, as citizens of other states, to remove cases brought against them in the state courts to the federal courts.
The act authorizing the leasing and operating of railroads in this state by foreign railroad corporations expressly provides that such leasing and operating shall be regarded as a waiver of their right, as citizens of other-states, to avail themselves of the jurisdiction of the federal courts.
So far, then, from regarding a foreign railroad corporation, leasing and operating a railroad in this state, as a cit izen of the state, the legislature expressly recognizes it to-be a citizen of another state, and provides against the exercise of its rights, as such, foreign citizen, in this state.
After all, the question of federal jurisdiction, dependent upon the citizenship of the parties, like all questions relating to such jurisdiction, must be controlled by the decisions-of the federal court of- last resort. Insurance Co. v. Dunn, 19 Wall. 214; Insurance Co. v. Morse, 20 Wall. 445. In the-light of these decisions, we are constrained to hold that, with reference to the jurisdiction of the federal courts, the-Baltimore and Ohio Railroad Company, as a corporation of the State of Maryland, is a citizen of that state; that as 3 uch corporation, it could not migrate, but might, if permitted by its charter, exercise its faculties in Ohio in accordance with and so far as allowed by the laws of the state; and that,, under the facts of this case, it can not be regarded as a cor *215 poration or citizen of Ohio. Railroad Co. v. Harris, 12 Wall. 65.
2. But it is claimed that, if the company is not held to be a citizen of Ohio, it must nevertheless be regarded as having waived its right, as a citizen of another state, to remove cases brought against it in the state courts to those of the United States.
This claim is founded alone upon the concluding proviso of the twenty-fourth section of the act providing for the creation and regulation of incorporated companies, as amended March 19, 1869 (66 Ohio L. 82), which is as follows: “Provided further, that it shall be regarded as one of the conditions upon which a railroad company of another state may lease or purchase a railroad, the whole or any part of which is in this state, or make any arrangement for operating the same under the provisions of this section, that such railroad company of another state thereby waives the right to remove any case from any of the courts of this state to any of the courts of the United States, or to bring a suit in any of the courts of the United States against any citizen of this state; and a violation of such condition shall operate as a forfeiture of all rights acquired under such lease, purchase, or arrangement.”
Apart from all considerations to the contrary, growing out of the fact that all the rights of the Baltimore and Ohio Railroad Company were acquired by contract before the enactment of this proviso, if it be viewed as applicable to the ease before us, so far as regards the waiver provided for, it is open to the objection made to a similar provision, which was considered in the ease of the Assurance Co. v. Pierce, 27 Ohio St. 155. In that case it was held by this court, upon the authority of the tribunal of last resort upon the question, that a statute of Ohio, which requires a foreign insurance company, as a condition precedent to its right to transact business in the state, to waive its right to remove cases brought against it in the state courts to the federal courts, is, so far as regards such waiver, repugnant *216 to the constitution and laws of the United States, and therefore void.
The case of the Home Ins. Co. v. Morse, 20 Wall. 445, which was followed in that case, embraces, in the principles determined, all foreign corporations alike, and is as clearly conclusive of the invalidity of the statutory waiver relied upon in this case, as it was of the invalidity of the statute relied upon in that. We are, therefore, equally bound to follow it in this case, and must, for the reasons stated in that case, hold the proviso in question ineffective as a waiver of the right to remove cases to the federal courts.
It results that the judgment of the district court and that of the common pleas must be reversed.
The cause will be remanded to the court of common pleas, to be proceeded with according to law.
Ashburn, J.,„ dissented from the third point in the syllabus.